# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1861V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
NORVAL NICHOLS,                           *     Chief Special Master Corcoran
                                          *
            Petitioners,                  *
                                          *     Filed: March 10, 2021
      v.                                  *
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                                          *
            Respondent.                   *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On December 1, 2017, Norval Nichols filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his October 1, 2016 receipt of the influenza

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

vaccine. After the parties settled the matter, I issued a decision awarding Petitioner damages pursuant to stipulation in June 2020 (ECF No. 36), and a judgment subsequently issued.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, filed February 12, 2021. (ECF No. 41) ("Fees App."). Petitioner requests a final award of $94,142.03 in attorney's fees and costs for the work of two attorneys (Ms. Leah Durant and Mr. Michael Milmo) as well as the supportive work of various paralegals. *Id.* Respondent reacted to the fees request on March 1, 2021. *See* Response, dated March 1, 2021 (ECF No. 42). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3. On March 1, 2021, Petitioner filed a reply to Respondent's reaction indicating that Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts documenting the litigation expenses incurred. *See* Reply, dated March 1, 2021 (ECF No. 43).

## ANALYSIS

### I.   Reasonable Attorney's Fees

Under the Vaccine Act, successful petitioners are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the calculation of the award to be made.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception) – circumstances not applicable herein, since the lawyers in question practice in the D.C. region. *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established general hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program, along with the standards for evaluating where counsel should fall within the ranges. *See McCulloch v.*

2

*Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based upon when the work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Leah Durant, Esq.** | $350/hour | $365/hour | $377/hour | $380/hour | $395/hour |
| **Mike Milmoe, Esq.** | - | - | - | $464/hour | $484/hour |

*See* Costs Invoice, filed February 2, 2021 (ECF No. 41-1) at 1-14.

Ms. Durant and her associates (who practice in Washington, DC) are "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Ms. Durant and Mr. Milmoe (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule.[3] *See Dillenbeck. Sec'y of Health & Human Servs.*, No. 17-428V, 2021 WL 777166 at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2021). I find no cause to reduce them in this instance.

I also deem the time devoted to the matter reasonable. The somewhat higher-than-normal amount of work performed on the matter is attributable to the fact this matter was assigned to the OSM's now-defunct mandatory mediation program, and therefore the petitioner incurred fees and costs associated with the mediation session. Thus, I will award all time requested herein, calculated at the rates identified in Petitioner's motion.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 5, 2021).

3

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $15,551.73 in costs, including the expenses of medical record retrieval, alternative dispute resolution/mediation fees, travel expenses, and filing fees. *See* Fees App. at 1; Costs Invoice, filed February 2, 2021 (ECF No. 42-2) at 1–33. Such costs are either common to Vaccine Program cases or were specifically required herein due to the matter's assignment to mediation, and thus shall be awarded in full without reduction.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$94,142.03**, reflecting $78,590.30 in attorney's fees and $15,551.73 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.